**In the United States District Court
for the District of Kansas**

---

Case No. 23-cv-02025-TC-ADM

---

HAROLD FEARS,

*Plaintiff*

v.

MERRICK GARLAND, ET AL.,

*Defendants*

---

**MEMORANDUM AND ORDER**

Plaintiff Harold Fears filed this civil action alleging that the prohibition on felons' possession of firearms, 18 U.S.C. § 922(g)(1), violates his Second Amendment right. Doc. 1-1 at 37. He seeks to restore his right pursuant to 18 U.S.C. § 925. *Id.* Defendants Merrick Garland and David Lacey move to dismiss, Doc. 21, and to strike Fears's summary judgment motion, Doc. 29. For the following reasons, Defendants' motion to dismiss is granted and the other pending motions, Docs. 28 and 29, are denied as moot.

**I**

**A**

To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical

1

inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. But "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

**B**

Fears was subjected to a General Court-Martial under the Uniform Code of Military Justice in 1988. Doc. 1 at 10; *see also* Doc. 21 at 2. After pleading guilty to 27 counts of uttering bad checks, one count of being absent without authority, and one count of providing a false statement under oath, he received a sentence of 18 months

2

confinement. Doc. 1 at 10; *see also* Doc. 21 at 2. In 2022, Fears attempted to purchase a firearm but was denied because of his conviction.[1]

He obtained information about this denial from David Lacey, Deputy Assistant Director for the United States Naval Criminal Investigative Service. Doc. 1-1 at 37–39. Lacey explained that Fears's conviction makes him ineligible to purchase firearms, and invited him to "appeal through the Navy-Marine Corps Court of Criminal Appeals." *Id.* (referencing Section 922(g)(1)).

Fears did not appeal. Instead, he filed this civil action arguing that Section 922(g)(1) "is being applied unconstitutionally…in violation of [his] [Second] Amendment [r]ight to [b]ear [a]rms." Doc. 1 at 7. Broadly, Fears contends that Section 922(g)(1) cannot be constitutionally applied to him because his convictions were nonviolent and occurred 35 years ago. *Id.* at 11–12. The Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134–35 (2022), he says, undermined circuit precedent that rejected a Second Amendment challenge to Section 922(g)(1). Doc. 24 at 1. Defendants object that jurisdiction for this action is lacking—and that in any case, "[t]he application of [Section] 922(g)(1) to Fears does not implicate the Second Amendment." Doc. 21 at 7.

## II

Jurisdiction over Fears's suit exists. But he fails to state a claim upon which relief can be granted, so Defendants' motion to dismiss is granted. Fears's motion for summary judgment is denied as moot.

### A

Defendants argue that "Fears is requesting that this Court make a determination that his General Court-Martial convictions do not qualify as a felony under [Section] 922(g)(1)." Doc. 21 at 7. As a result, they argue briefly (and without citation) that "[t]his Court is without jurisdiction to…determine that [Fears's] 1988 General Court-Martial convicions were improperly determined to be felony disqualifying

---

[1] Fears was initially denied under 18 U.S.C. § 922(g)(6), but "that denial was later corrected to be a 922(g)(1) felony conviction disqualification." Doc. 21 at 3; Doc. 1-1 at 37.

3

convictions." *Id.* They point to Fears's other options: "an appeal through the military appeal process" to challenge his convictions, or "review by the Board for Corrections of Naval Records." *Id.*

Defendants' contention is rejected. Fears is not seeking (or does not appear to be seeking) an impermissible appeal of his 1988 court martial determination. Instead, he seeks a determination that the federal law against felons possessing firearms, 18 U.S.C. § 922(g)(1), violates his rights under the Second Amendment. Federal courts have jurisdiction to consider this issue. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 99–100 (3d Cir. 2023) ("The District Court had jurisdiction…because Range's complaint raised a federal question: whether the federal felon-in-possession law, 18 U.S.C. § 922(g)(1), violates the Second Amendment as applied to Range.").

## B

The basis of Fears's claim is that Section 922(g)(1)'s prohibition of possessing a firearm violates his rights under the Second Amendment.[2] *See* Doc. 1 at 13. Other plaintiffs in other circuits have argued this point, with some success. *E.g.*, *Atkinson v. Garland*, 70 F.4th 1018, 1019 (7th Cir. 2023) (remanding for analysis under *Bruen*); *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023) (reversing and remanding) (en banc); *see also United States v. Rahimi*, No. 22-915 (2023) (granting ceritiorari to consider whether Section 922(g)(8) is facially invalid). For the following reasons, Fears's claim is precluded.

The Second Amendment protects an individual's right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). But this right "is not unlimited." *Id.* As a result, the Second Amendment

---

[2] Defendants argue that Fears actually seeks relief under 18 U.S.C. § 925(c). Doc. 21 at 13. Section 925(c) "provides a method by which convicted felons can apply for restoration of firearms privileges." *Owen v. Magaw*, 122 F.3d 1350, 1351 (10th Cir. 1997). An unsuccessful application—"actual adverse action"—creates jurisdiction for federal court review. *See United States v. Bean*, 537 U.S. 71, 74, 76 (2002). But Congress no longer funds agency review of Section 925(c) petitions. Practically, then, federal courts cannot entertain Section 925(c) requests. *Id.* at 76–77 (clarifying that an applicant must be denied relief before "seek[ing] review in a district court"). To the extent Fears's claim is for relief under 925(c), it is dismissed for lack of jurisdiction.

presents no constitutional impediment to many of the federal government's longstanding prohibitions on firearm ownership. *Id.* at 636.

One such provision, Section 922(g)(1), makes it illegal "for any person…who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce…any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In short, Section 922(g)(1) criminalizes firearm possession by felons. And in *United States v. McCane*, the Tenth Circuit confirmed that Section 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009).

The Supreme Court revisited the scope of the Second Amendment in *New York State Rifle & Pistol Association, Inc. v. Bruen*. 142 S. Ct. 2111 (2022). There, the Court clarified the relevant constitutional inquiry. *Id.* at 2126. First, a court asks whether the Second Amendment's plain text covers an individual's conduct. *Id.* If it does, a court then asks whether the government has shown that its ban is consistent with the nation's "historical tradition of firearm regulation." *Id.* The *Bruen* test arose after the Tenth Circuit decided *McCane*. Fears argues that "*Bruen* effectively overruled *McCane*" and that under *Bruen*'s test, Section 922(g)(1) is unconstitutional as applied to him. Doc. 24 at 1.

The Tenth Circuit considered and rejected a similar argument in *Vincent v. Garland*. 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit clarified that "the emergence of a new test doesn't necessarily invalidate [the Tenth Circuit's] earlier precedent." *Id.* at 1200. And although "*Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Id.* Section 922(g)(1) is one such ban. "*McCane* squarely upheld the constitutionality of [Section 922(g)(1)]." *Id.* at 1202. Since *Bruen* did not "indisputably and pellucidly abrogate" the Tenth Circuit's "precedential opinion in *McCane*," that opinion remains the controlling law. *Id.*

Under *McCane*, as reaffirmed by *Vincent*, Section 922(g)(1) presents no Second Amendment problem. It is constitutional as applied to Fears. *See Campiti v. Garland*, 649 F. Sup. 3d 1, 4 (D. Conn. Apr. 12, 2023) (dismissing a civil as-applied challenge to Section 922(g)(1)); *Long v. Garland*, No. 3:23-CV-710-YY, 2023 WL 5624147, at *1 (D. Or. Aug. 31, 2023) (dismissing civil plaintiffs' challenge to Section 922(g)(1) on

standing grounds); *Walker v. Bonta*, No. 20-CV-00031-DMS-AGS, 2023 WL 6131086, at *1 (S.D. Cal. Sept. 19, 2023) (refusing to vacate decision dismissing Section 922(g)(1) challenge for failure to state a claim); *Cusick v. U.S. Dep't of Just.*, No. CV TDC-22-1611, 2023 WL 5353170, at *4–5 (D. Md. Aug. 18, 2023) (rejecting civil challenge to Section 922(g)(1)); *Baisden v. Garland*, No. CV 19-3105 (JMC), 2023 WL 7695744, at *5–6 (D.D.C. Nov. 15, 2023) (same).

### III

For the foregoing reasons, Defendants' Motion to Dismiss, Doc. 21, is GRANTED. Fears's Motion for Summary Judgment, Doc. 28, and Defendants' Motion to Strike, Doc. 29, are DENIED as moot.

It is so ordered.

Date: November 27, 2023                     s/ Toby Crouse
                                            Toby Crouse
                                            United States District Judge